## GLADIN v STATE OF FLORIDA
### Case No. 89-2863-AC (County Court Case No. 24589-89)
Fifth Judicial Circuit, Marion County
June 7, 1990

### APPEARANCES OF COUNSEL
**William H. McDonald, III., Esquire,** for appellant.
**Maritza Arroyo, Esquire,** Assistant State Attorney, for appellee.
Before SPRINGSTEAD, McNEAL, HILL, JJ.

### OPINION OF THE COURT
Springstead, J., Circuit Judge.

Appellant, PAUL S. GLADIN, appeals a judgment and sentence

entered by the County Court of Marion County after a jury trial finding him guilty of Driving Under the Influence. Appellant complains the trial court erroneously instructed the jury regarding the issue of marijuana being a controlled substance thus violating appellant's right to due process of law.

On August 26, 1989, appellant was stopped for driving 75 MPH in a 55 MPH zone. There was no other evidence of aberrant driving. Subsequent to the traffic stop, defendant was arrested and charged with Driving Under the Influence on August 26, 1989. During the course of the arrest, defendant was videotaped by the arresting officer wherein the defendant performed a number of field sobriety tests and made several admissions regarding the consumption of alcohol and the use of marijuana. The arresting officer also requested the defendant to take an approved breath test to determine the alcohol content of his breath; the defendant agreed, and the results of the test indicated the defendant had a blood alcohol of .02 and .01.

At trial, upon presentation of evidence, the jury was instructed by the Court; and among the instructions given was the following:

"Marijuana is considered a 'controlled substance' under Florida Statute 893.03(1)(c)(4) and you should, therefore, consider this as a contributing factor to Defendants impairment."

At the conclusion fo the jury instructions, but prior to the jury retiring, defense counsel objected to the above instruction and re-quested a corrected instruction. The court overruled the objection and denied counsel's request, and the jury was allowed to retire to deliber-ate. The jury subsequently returned with a verdict of guilty, and defendant was sentenced on November 9, 1989, by the court, the aforesaid judgment and sentence being the subject of this appeal.

The instructions as given by the Court created a presumption that the defendant was, in fact, impaired in violation of his rights to due process under the State and Federal Constitutions, and the court erred in giving the same, *Busch v State,* 547 So.2d 245 (Fla. 4th DCA 1989); *Sarduy v State,* 540 So.2d 203 (Fla. 3d DCA 1989); and *Gatlin v State,* 556 So.2d 772 (Fla. 1st DCA 1990).

Upon finding the jury instruction as given created a mandatory presumption in violation of the defendant's rights to due process, the court must next determine if the appellant's objection to the jury instruction was timely thus properly preserving the issue for this appeal. Appellant's objection was raised prior to the jury retiring to deliberate, and therefore timely, *McCray v State,* 480 SO.2d 217 (Fla. 3d DCA 1985).

Lastly, having determined the instruction in question was erroneous and objection thereto timely, this court must nevertheless consider whether the error by the court under the instant circumstances constituted harmless error. The test to be applied is whether or not the evidence presented to the jury was so overwhelming this court could say, beyond a reasonable doubt, the jury would have convicted appellant absent the defective instruction given, *Gatlin v State, supra.* Having reviewed the videotape and further having considered the results of the approved breath test, it is the opinion of this court the evidence does not meet this test. Accordingly, the judgment and sentence is reversed and the case remanded for new trial.

McNEAL, R., concurs.

HILL, M., concurs.